# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| WESLEY FINANCIAL GROUP, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC, and DIAMOND RESORTS MANAGEMENT, INC.,<br><br>　　　　　Defendants. | Case No.: 6:23-cv-02361-CEM-DCI |

## DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO DISMISS

Pursuant to Local Rule 3.01(d), Defendants Diamond Resorts U.S. Collection Development, LLC, Diamond Resorts Hawaii Collection Development, LLC, and Diamond Resorts Management, Inc. (collectively, "Diamond" or "Defendants") respectfully move for leave to file a reply no more than seven (7) pages in length in support of Defendants' Motion to Dismiss the First Amended Complaint ("FAC") (ECF No. 28), to be filed within seven (7) days of the Court granting leave.

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition[']s response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-0537, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). This Court will grant leave to file a reply if it "would aid in the

4884-5918-6601.v1

resolution of the motion." *See, e.g.*, *Allied Portables, LLC v. Youmans*, No. 2:15-cv-0294, 2016 WL 7428229, at *1 (M.D. Fla. Oct. 19, 2016) (granting leave to file reply to aid resolution of motion); *PK Studios, Inc. v. R.L.R. Investments, LLC*, No. 2:15-cv-0389, 2015 WL 12843877, at *1 (M.D. Fla. Dec. 8, 2015) (same).

Plaintiff Wesley Financial Group ("WFG") filed its FAC on January 10, 2014. ECF 22. Defendants filed a Motion to Dismiss the FAC in its entirety on February 2, 2024. ECF 28. WFG filed an Opposition to Defendants' Motion to Dismiss on February 23, 2024 (the "Opposition"). ECF 35. The Opposition raises new factual and legal arguments that warrant a response. Defendants' proposed reply would aid in the resolution of Defendants' Motion to Dismiss because it would respond to the following new arguments and facts asserted in WFG's Opposition that are not raised by the FAC.

*First*, in response to Defendants' arguments that Plaintiff does not plausibly state an aftermarket under *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451 (1992) and its progeny, Plaintiff asserts that the anticompetitive conduct occurred "when Diamond *changed its policies* to prohibit owners from being assisted by third parties." Opp. at 6 (emphasis added). But the FAC does not actually allege any such "change" in policy, which Defendants' reply will explain. *Second*, Plaintiff argues that the provision in Diamond's initial contracts that Diamond must approve any sale or transfer is not an "aftermarket restraint" to which customers knowingly agreed. Opp. at 6-7. Defendants' reply will address why the paragraphs Plaintiff cite do not support its arguments. *Third*, Plaintiff argues that its allegations regarding the

"tied" product is not just Diamond's Transitions program, but "reach the entire range … of Diamond's 'services'." Opp. at 9-10. Defendants' reply will respond to this new argument that Plaintiff's claims purportedly go beyond the Transitions program. **Fourth**, Plaintiff asserts that it intended to allege that the monopolized market is both the "exit services" market and the "exit product" market. Opp. at 10. Defendants' reply will address this expanded market definition in the context of Plaintiff's monopolization claims. **Fifth**, Plaintiff argues that the allegations show Diamond "actually came to an agreement … to eliminate exit company competition," despite no such "actual agreement" allegations appearing in the FAC, which Defendants' reply will address. Opp. at 12. **Sixth**, Plaintiff asserts that the FAC alleges that *all* Diamond customers are prohibited from working with third-party exit companies, not just Transitions users. Opp. at 15. Defendants' reply will address the insufficiency of the allegations WFG identifies in support. **Seventh**, regarding the tortious interference claim, Plaintiff cites case law regarding qualified privilege, which Diamond did not assert in its Motion to Dismiss, but will address in reply.

    Because Diamond has not had an opportunity to address or rebut any of WFG's new arguments based on facts not adequately alleged in the FAC, a reply brief would aid in the resolution of its motion to dismiss, and Diamond respectfully requests leave to file a reply brief no longer than seven (7) pages within (7) days of the Court's order.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Diamond conferred with counsel for Plaintiff and Plaintiff opposes Diamond's request for leave to file a reply.

Dated: February 28, 2024          Respectfully submitted,

        PILLSBURY WINTHROP SHAW PITTMAN LLP

        */s/ Roxane A. Polidora*
        ROXANE A. POLIDORA (admitted *pro hac vice*)
        roxane.polidora@pillsburylaw.com
        STACIE O. KINSER (admitted *pro hac vice*)
        stacie.kinser@pillsburylaw.com
        Four Embarcadero Center, 22nd Floor
        San Francisco, CA 94111-5998
        Telephone:   415.983.1000
        Facsimile:   415.983.1200

        GREENSPOON MARDER LLP

        */s/ Richard W. Epstein*
        Richard W. Epstein (Bar No. 229091)
        Jeffrey A. Backman (Bar No. 662501)
        200 East Broward Blvd., Suite 1800
        Fort Lauderdale, Florida 33301
        Telephone: 954-491-1120
        Facsimile: 954-343-6958
        richard.epstein@gmlaw.com
        maria.salgado@gmlaw.com
        jeffrey.backman@gmlaw.com
        mary.torres@gmlaw.com

        *Attorneys for Defendants, Diamond Resorts U.S. Collection; Development, LLC; Diamond Resorts; Hawaii Collection Development, LLC; and Diamond Resorts Management, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 28, 2024, I filed the foregoing using the Court's case management electronic case filing system, which will automatically serve notice of the filing on registered users of that system.

By: _____

4884-5918-6601.v1