UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| WESLEY FINANCIAL GROUP, LLC,<br><br>                              Plaintiff,<br>v.<br><br>DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, *et al.*,<br><br>                              Defendants. | Case No: 6:23-cv-02361-CEM-DCI<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiff, "WFG," pursuant to Local Rule 3.01(d), move for leave to file a brief sur-reply in response to new matters raised in Defendants' reply brief (ECF 40, the "Reply"). Specifically, WFG requests a five-page sur-reply to aid the Court in its consideration of Defendants' Motion to Dismiss ("MTD"), as the Reply contains new arguments and mischaracterizes fact and law, that WFG could not have addressed in its prior opposition to the MTD. In further support of a sur-reply, WFG states as follows:

Although a court's decision to permit a sur-reply is discretionary, such leave should be allowed where the movant raises new arguments in its reply brief. *See First Specialty Ins. Corp. v. 633 Partners, Ltd.,* 300 F. App'x 777, 788 (11th Cir. 2008).

WFG filed its Amended Complaint on January 10, 2024, (ECF 22, "AC"). Defendants filed a Motion to Dismiss the Amended Complaint on February 2, 2024, (ECF 28). WFG filed an Opposition to Defendants' Motion to Dismiss on February

23, 2024, (ECF 35) (the "Opposition"). The Court granted Defendants leave to file a reply (ECF 39), which Defendants filed on March 8, 2024, (ECF 40) (the "Reply.")

**First**, the Reply raises a *new* argument that the sample contract upon which the majority of Defendants' motion to dismiss is based should be considered by the Court because it is "central" to the Complaint, by virtue of a purported reference to an aftermarket created by contractual restrictions in Plaintiff's Opposition. Plaintiff should have the opportunity to respond to this erroneous argument, unsupported by any authority. **Second,** the Reply raises the *new* argument that the market for Diamond exits is not wholly derivative of the primary timeshare market because exits in general (foreclosures, mutual releases, quitclaim deeds) exists "outside of the timeshare market." Apart from other doctrinal and logical flaws, this new argument ignores the fact that like the market for Kodak parts, the market for Diamond exits exists only to assist Diamond customers. **Third,** the Reply disingenuously mischaracterizes the Amended Complaint's allegations by claiming that no change in policy apart from the Transitions affidavit was alleged, when in fact the "adoption" of a zero-tolerance policy for third party assistance was alleged, AC ¶107, and in any event, Diamond knows that the "array of formal and informal policies" (AC ¶58) to prevent third party assistance are of recent vintage and could be easily be more explicitly and accurately alleged. **Fourth,** Defendants *for the first time* take issue with Plaintiff's allegations of its anti-competitive policies as "vague" mandates and policies, where such allegations meet the applicable plausibility standard. **Fifth,** Defendants argue *for the first time* that

the "integrated" Purchase and Sale Agreement effectively neutralizes any fraud, including explicit lies and misrepresentations by its salespeople, to the extent that purchasing timeshare owners understood the actual limits of their choices in the aftermarket. Beyond the absurd inference that an "integrated" contract signed under pressure by purchasers worn out from hours of calculatedly aggressive sales tactics and intentional lies *actually* gave notice of the aftermarket restrictions (an inference negated by countless deposition testimonies by Diamond owners that Diamond is well-aware of), Plaintiff should be entitled to argue why this argument is legally erroneous and insufficient to invalidate the claimed antitrust market. **Sixth,** Defendants again mischaracterize the allegations in the Amended Complaint in an effort to wish away allegations directly implicating Diamond and ARDA in collusive conduct by which a plan of action to eliminate exit companies was devised and implemented.

WFG therefore requests a sur-reply to respond to these newly-raised arguments, which would aid in the resolution of Defendants' motion to dismiss. WFG respectfully requests leave to file a sur-reply brief no longer than five (5) pages within seven (7) days of the Court's order.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Plaintiff conferred with counsel for Diamond by phone and Diamond opposes Plaintiff's request for leave to file a sur-reply.

Dated: March 12, 2024                                             Respectfully submitted,

 /s/ *John Bennett*                                                      /s/ *Patrick Bradford*
John J. Bennett, Jr.,                                             Patrick Bradford, Admitted Pro Hac Vice
Florida Bar No.: 98257                                       **BRADFORD EDWARDS LLP**
**NARDELLA & NARDELLA, PLLC**                 12 East 49th Street, 11th Floor
135 W. Central Blvd., Suite 300                        New York, NY 10017
Orlando, FL 32801                                             (917) 671-9406
(407) 966-2680                                                    (607) 930-3596 (facsimile)
jbennett@nardellalaw.com                              pbradford@bradfordedwards.com