# United States District Court
# Middle District Of Florida
# Orlando Division

**WESLEY FINANCIAL GROUP, LLC,**

    **Plaintiff,**

v.                                                                                          Case No: 6:23-cv-2361-CEM-DCI

**DIAMOND RESORTS U.S.**
**COLLECTION DEVELOPMENT, LLC,**

    **Defendants.**

_____/

## ORDER

Pending before the Court are five motions related to the parties' discovery disputes. Docs. 129, 130, 132, 135, and 144. On October 8, 2025, the Court conducted a hearing on the motions.

For the reasons stated at the hearing, it is **ORDERED** that:

1. Defendants' Motion for Protective Order regarding Plaintiff's subpoena to Christoph Nettesheim, Esq. (Doc. 129) is **GRANTED**. Christoph Nettesheim, Esq. is relieved from any obligation to comply with the subpoena;

2. Plaintiff's Short Form Motion to Compel Appropriate Answers to Interrogatories (Doc. 132) is **DENIED without prejudice** to permit the parties to further confer in good faith on the dispute. *See* Local Rule 3.01(g);

3. Defendants' Short Form Motion to Compel (Doc. 130) is:

    a. **GRANTED in part** to the extent that **on or before October 24, 2025**, Plaintiff shall produce documents from January 1, 2019 to present responsive to:

        1. Request for Production (RFP) No. 26;

    2. RFP No. 32 to the extent that Plaintiff shall provide sufficient data to allow Defendants to identify the meaning of the pricing data that is responsive to RFP No. 26 (i.e., pricing data and information sufficient to allow Defendants to understand what that pricing data is for);

    3. RFP No. 36 as it relates to Defendants' customers;

    4. RFP No. 37 as it relates to Defendants' customers, and Plaintiff shall also produce an exemplar of the advice or instructions Plaintiff provides to customers of other time share developers; and

    5. RFP Nos. 51, 52, and 53 to the extent Plaintiff shall produce any copies of any signed agreements between Plaintiff's customers and Defendants regarding the transitions program; any communications between Plaintiff's customers and Defendants regarding the transitions program; and any documents regarding the denial of Plaintiff's customers' participation in the transitions program;

  b. **DENIED without prejudice** as to RFP Nos. 38 to 45 to permit the parties to further confer in good faith on the dispute. *See* Local Rule 3.01(g); and

  c. **DENIED** as to the remainder of the Motion;

4. Defendants' Short Form Motion to Compel (Doc. 135) is:

  a. **GRANTED in part** to the extent that **on or before October 24, 2025**, Plaintiff shall produce documents from January 1, 2019 to present responsive to:

    1. RFP No. 18;

    2. RFP Nos. 1-16, 24 to the extent that Plaintiff shall not exclude documents from production based on Plaintiff's determination that the documents were not relied upon, adopted, or incorporated by Plaintiff's in the ordinary course of business; and

  b. **DENIED without prejudice** as to RFP Nos. 19, 25-26, 31, 36, 39-42, 46; and

  c. **DENIED** as to the remainder of the Motion;

- 3 -

5. Defendants' Expedited Motion for Protective Order regarding Plaintiff's subpoenas to Panda Kroll, Esq., the Law Offices of David Alan Klein, P.C., and Ritchie, Johnson, & Stovall, P.C. (the Attorneys) (Doc. 144) is **GRANTED**. The Attorneys are relieved from any objection to comply with the subpoenas; and

6. the Court finds that payment of reasonable expenses, including attorney fees, the parties incurred in making or opposing the motions is not necessary because other circumstances make an award unjust pursuant to Federal Rules of Civil Procedure 26(c); 37(a)(5)(A), (B), (C).

**ORDERED** in Orlando, Florida on October 9, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE